IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SOUTHERN FARM BUREAU CASUALTY
INSURANCE COMPANY                                                                                    PLAINTIFF

v.                                              Case No. 2:15-CV-02107

RICHARD A. HAMMOND; BARBARA A. HAMMOND;
SETH CREED, as special administrator of the estate of
Richard W. Hammond, deceased; and BANK OF THE
OZARKS, as special administrator of the estate of Jaime
Christine Shipman, deceased                                                                          DEFENDANTS

**OPINION AND ORDER**

This case is currently before the Court for consideration of a stipulated record (Doc. 38) with numerous exhibits filed by the parties on April 12, 2016. By joint motion (Doc. 37), the parties requested that the Court cancel the jury trial scheduled to begin on April 19, 1016, and instead decide the case based on the stipulated record and oral argument. Having reviewed the stipulated record and attached exhibits, the Court found that oral argument was not necessary and canceled the oral argument set for April 19, 2016.

**I.      Background**

This is a declaratory judgment action regarding coverage under a general liability insurance policy issued by Plaintiff Southern Farm Bureau Casualty Insurance Company ("Southern Farm Bureau") to Defendants Richard A. Hammond ("Richard") and Barbara A. Hammond ("Barbara"). The policy at issue is attached as an exhibit to the complaint. (Doc. 1-2). This action arises out of a fatal four-wheeler accident that occurred on July 30, 2011, on the Hammonds' property in Mountainburg, Arkansas, resulting in the deaths of their son, Richard W. Hammond ("Ricci") and

Jaime Christine Shipman ("Jaime"). Defendant Bank of the Ozarks, on behalf of Jaime's estate, brought a wrongful death action against the Hammonds and Ricci's estate. This declaratory judgment action concerns coverage for the accident only as it relates to Ricci's estate. Southern Farm Bureau argues that Ricci was not an insured under the Hammonds' general liability policy and that, therefore, there is no coverage under the Hammonds' policy for Ricci for the accident.

The complaint (Doc. 1) was filed in this Court on June 3, 2015. Southern Farm Bureau and Bank of the Ozarks filed cross motions for summary judgment (Docs. 15 and 18) on February 4, 2016. Those motions were denied by order (Doc. 35) entered March 24, 2016. Specifically, the Court found that the four-wheeler driven by Ricci Hamond at the time of the accident was "self-propelled farm machinery" as a matter of law. The Court found, however, that the policy language requiring use of such self-propelled farm machinery in "any of the named insured's operations covered by this policy" is ambiguous. (Doc. 35, p. 5). The Court found that the phrase should "put some limitation on what use of self-propelled farm machinery may entitle a person to be an additional insured under the policy. The question remains open, however, as to what the extent of that limitation should be." *Id*. at pp. 6-7. Finally, the Court found that there were disputes of material fact including, but not limited to, "why Ricci and Jaime were riding the four-wheeler at the time of the accident and, ultimately, whether Ricci was using the four-wheeler 'in any of the named insured's operations' covered by the general liability policy." *Id*. at p. 7.

The parties filed a stipulated record on April 12, 2016. The agreed upon facts are set out in the stipulation, which the Court has reviewed.

**II.     Analysis**

The general liability policy at issue provides that Southern Farm Bureau agrees "[t]o pay on

behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . including death at any time resulting therefrom, sustained by any person." (Doc. 1-2, p. 5). At issue in this case is whether Ricci qualified as an insured under a clause providing that "[e]ach of the following is also an insured: . . . (c) any other person while operating farm tractors, self-propelled farm machinery, or animal drawn farm vehicles or implements, in any of the named insured's operations covered by this policy and with the permission of [a named] insured . . . ." (Doc. 1-2, p. 18). It is undisputed that Ricci was operating a four-wheeler on the Hammonds' property with permission of the Hammonds at the time of the accident. The question left open by the Court's prior order is whether Ricci was operating the four-wheeler "in any of the named insured's operations" at the time of the accident.

Under Arkansas law, the burden to prove the existence of coverage under an insurance policy rests with the party seeking coverage under the policy. *Peoples Protective Life Ins. Co. v. Smith*, 257 Ark. 76, 82 (1974). The controversy in this case is whether Ricci Hammond was an additional insured under his parents' general liability policy covering their farm and up to 100 head of cattle. Ricci's estate therefore has the burden of showing that Ricci was covered as an additional insured under the policy at the time of the accident.

Although the Court must construe ambiguous phrases in an insurance policy in favor of the insured (or prospective insured),[1] the Court cannot find that the phrase "any of the named insured's operations covered by this policy" has no meaning whatsoever. *First Nat. Bank of Crossett v. Griffin*, 310 Ark. 164, 170 (1992) ("'Every word in the agreement must be taken to have been used for a purpose, and no word should be rejected as mere surplusage if the court can discover any

---

[1] *McGrew v. Farm Bureau Mut. Ins. Co. of Ark., Inc.*, 371 Ark. 567, 571 (2007).

reasonable purpose thereof which can be gathered from the whole instrument.'") (quoting *Fowler v. Unionaid Life Ins. Co.*, 180 Ark. 140, 144-45 (1929)). Purely recreational use of farm machinery does not entitle Ricci to coverage as an additional insured under the policy at issue. Based on the stipulated facts, the parties—and the Court—can only speculate as to why Ricci and Jaime were riding the four-wheeler at the time of the accident. Speculation is generally not enough for the party with the burden of proof to carry its burden, and the stipulated facts in this case do not otherwise convince the Court that Ricci should be considered an additional insured under the Hammonds' general liability policy. The Court finds therefore that Defendants have not met their burden to show that Ricci's use of the four-wheeler at the time of the accident was more likely than not "in any of the named insured's operations," and declaratory judgment will be entered in favor of Southern Farm Bureau.

### III. Conclusion

For all the reasons set forth above, IT IS ORDERED that Southern Farm Bureau is entitled to entry of a declaratory judgment in its favor, stating that it has no duty to defend or indemnify Ricci Hammond's estate in relation to the four-wheeler accident that occurred on July 30, 2011.

Judgment will be entered accordingly.

IT IS SO ORDERED this 21st day of April, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE